## Case No. 8,412.

### LIVINGSTON v. The JEWESS.
### LOCKWOOD v. SAME.
[1 Ben. 19 (note).]

District Court, S. D. New York. Dec., 1854.

PRACTICE IN ADMIRALTY—STIPULATIONS—RE-ARREST OF VESSEL.

[A vessel arrested upon attachment was released upon stipulations entered into by S. The next day she was re-arrested by other parties claiming liens, and was subsequently sold, and the proceeds therefrom brought into court. Upon motion by S. to be relieved from the stipulations it was *held*, that the purpose for which the stipulations were given,—i. e. to enable the vessel to be employed in her appropriate business, having failed through the subsequent process of the court, and without fault of S.; that, therefore, the motion to relieve should be allowed.]

[Cited in The Empire, Case No. 4,472; U. S. v. Mackoy, Id. 15.696.]

[These were libels by Herman T. Livingston against the steamship Jewess, and by John L. Lockwood against the same.]

These were motions in behalf of a stipulator to be discharged from his undertakings. The vessel was arrested on process of attachment in each suit, and thereupon Mr. Sands, the petitioner, entered into stipulations in each case for costs, and also to satisfy the final decree, and the vessel was accordingly discharged from arrest in the causes. On the next day, August 10, the vessel was again attached under process issued in behalf of seamen. She remained in custody under that process, and numerous others issued in behalf of material men, until she was sold by consent of all parties (since these motions), and the proceeds brought into court, the rights of all parties to remain unaffected by such sale. The stipulator now moves to be exonerated from its undertakings, and that the stipulations be vacated by order of the court.

Mr. Betts and Mr. Burrill, for the application.

HELD BY THE COURT (BETTS, District Judge): That though a stipulation to respond to the final decree be given on the discharge of property from arrest, still the res is not regarded as discharged from the jurisdiction of the court, so as not to be reclaimable on the same process, if the equities and rights of the parties demand it. And accordingly the court will order additional sureties to the stipulation, or re-arrest the property to satisfy the lien upon it, upon proof that the libellant is like to be preju-

---

diced by leaving it on the bail substituted in its place. But there is not equal equity in favor of the stipulator to authorize his discharge from his undertaking, on restoring the property to the custody of the court. And it is clear, upon the principles of the admiralty practice, that the stipulator cannot do this at his option (Lane v. Townsend [Case No. 8,054]), nor can it be done by order of the court, merely at the instance of the stipulator and for his relief. He is regarded as voluntarily having made a conventional undertaking with the libellant, which, in the ordinary course of an admiralty action, concludes him from its conception to its completion.

But that another element of equity has been mingled with this case by the re-arrest of the property; that the object for which the stipulations were given, viz., that of allowing the ship to be employed in her appropriate business, was frustrated by the act of the law, in no way promoted or concurred in by the stipulator; that the claimant was deprived by act of law of the benefit of the discharge, and that deprivation was so nearly concomitant with the discharge itself, as equitably to operate as a revocation of it, particularly in respect to a mere surety.

That if the stipulator, immediately upon the seizure of the vessel on August 10, had, upon that fact, applied to the court to rescind his stipulation, the application must have been granted from the manifest justice of not fastening on him, as surety, an obligation, when the purposes for which it was entered into had been intercepted and defeated by act of law, and when no legal or equitable right of the libellants against the vessel would be changed or diminished by such discharge.

That as those rights and equities remained in the same position when the petition was presented, the surety should not lose his claim to relief because he omitted to ask it at the earliest day.

The order therefore is, that the petitioner be exonerated on paying the costs of this application.

[In 1 Ben. 21, this case is published as a note to The Empire, Case No. 4,472.]